# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                        CASE NO: 5:06-cr-29-Oc-28PRL

**ALVIN DORSEY**

## ORDER

In 2007, Alvin Dorsey was sentenced to 300 months' imprisonment for conspiring to distribute powder cocaine and cocaine base. He now seeks a reduction in his sentence pursuant to the First Step Act of 2018, which made retroactive part of the Fair Sentencing Act of 2010. The Probation Office and the Government, however, maintain that Dorsey is not eligible for relief under the First Step Act. The Court has reviewed Dorsey's *pro se* First Step Act filings (Docs. 636, 637, & 639), his counseled motion (Doc. 657), the Probation Office's First Step Act Memorandum (Doc. 645), and the Government's Response (Doc. 660). For the reasons set forth below, Dorsey's motions are denied.

**I.   Background**

Dorsey, along with ten codefendants, was charged in a one-count indictment with violating 21 U.S.C. § 846 by conspiring to distribute both powder cocaine and cocaine base (crack cocaine). (Indictment, Doc. 3). After a fourteen-day trial in January 2007, a jury found in a special verdict that Dorsey conspired to distribute both 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine. (Special Verdict, Doc. 285).

A person who conspires to commit an offense under Title 21 is "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." 21 U.S.C. § 846. In other words, the penalties that Dorsey faced for

violating § 846 were those set forth in 21 U.S.C. § 841(b), which prescribes the penalties for distribution of a controlled substance in violation of 21 U.S.C. § 841(a). Prior to the Fair Sentencing Act of 2010, § 841(b)(1)(A) mandated a minimum twenty-year prison sentence, with a maximum of life in prison, for an offense involving either 5 kilograms of powder cocaine or 50 grams of crack cocaine committed by an offender—like Dorsey—who had a prior conviction for a felony drug offense. And Dorsey had not only a prior conviction for a felony drug offense but also at least one other conviction for a crime of violence—qualifying him as a "career offender" under USSG § 4B1.1. Dorsey's resulting guidelines range was 360 months to life,[1] and he was sentenced below that range—to 300 months in prison—followed by ten years of supervised release. (See Judgment, Doc. 359, at 2–3). Relying on the First Step Act of 2018, Dorsey now requests a reduction to a sentence of time served effective August 1, 2020, followed by eight years of supervised release. (Doc. 657 at 1 & 24).

II. **Discussion**

Subject to a few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is that "in any case . . . the court may modify an imposed term of imprisonment to the extent otherwise permitted by statute." Id. § 3582(c)(1)(B). In relevant part, § 2 of the Fair Sentencing Act of 2010 increased—from 50 grams to 280 grams—the minimum amount of cocaine base required

---

[1] Dorsey scored a Total Offense Level of 38 based on the amount of drugs found attributable to him in his Presentence Investigation Report, and as a career offender he was assigned Criminal History Category VI. Even without the drug amount attribution, Dorsey's Total Offense Level would have been 37 as a career offender since the statutory maximum for the offense of conviction was life in prison. See USSG § 4B1.1(b). And, like Level 38, Level 37 also yielded a guideline range of 360 months to life when combined with a Criminal History Category of VI.

2

to trigger the penalties—including the twenty-year mandatory minimum sentence—prescribed in 21 U.S.C. § 841(b)(1)(A). Fair Sentencing Act of 2010, Pub. L. No. 111-120, § 2(a)(1), 124 Stat. 2372, 2372 (2010). The Fair Sentencing Act did not, however, alter the 5-kilogram *powder* cocaine threshold in 21 U.S.C. § 841(b)(1)(A) for those same penalties.

Although not initially retroactive, this section of the Fair Sentencing Act was made retroactive by § 404 of the First Step Act of 2018, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3[2] of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Id. § 404(a). Relief under the First Step Act is within the court's discretion; § 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. § 404(c).

Dorsey contends that he is eligible for relief under the First Step Act because he was sentenced for a "covered offense." But, like the Probation Office and the Government, the Court disagrees. Dorsey was convicted of one count of violating 21 U.S.C. § 846 by conspiring to distribute both cocaine base and powder cocaine. The penalties for that

---

[2] Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession of a controlled substance. See Fair Sentencing Act of 2010, Pub. L. No. 111-120, § 3, 124 Stat. 2372, 2372 (2010). It is not relevant here.

offense are the same as those for distribution and are set forth in § 841(b). Because of his prior conviction for a felony drug offense, Dorsey faced a mandatory minimum sentence of twenty years under § 841(b)(1)(A) based on both—that is, either—the involvement of 5 kilograms or more of powder cocaine in the violation, see § 841(b)(1)(A)(ii), or the involvement of 50 grams or more of cocaine base in the violation, see § 841(b)(1)(A)(iii). Although the statutory penalties for violations involving 50 grams or more of cocaine base were modified by § 2 of the Fair Sentencing Act, the statutory penalties for violations involving 5 kilograms or more of powder cocaine were not. Here, the jury specifically found Dorsey guilty of the lone charge against him based on both of these amounts. Thus, the statutory penalty for his violation of § 846 was not modified; even applying § 2 of the Fair Sentencing Act, the statutory penalty remains a mandatory minimum sentence of twenty years under 21 U.S.C. § 841(b)(1)(A)(ii) because, as found by the jury, 5 kilograms or more of powder cocaine was involved in the violation. Thus, Dorsey is not eligible for relief under the First Step Act. Cf. United States v. Carter, No. 19-10918, 2019 WL 5295132, at *4 (11th Cir. Oct. 18, 2019) (concluding that "the First Step Act did not authorize the district court to modify [the defendant]'s sentence" in crack cocaine case where the defendant's statutory mandatory minimum sentence—which was based in part on his previous felony drug conviction and a death resulting from the drug conspiracy—"would have been the same regardless of whether section 2 of the Fair Sentencing Act had been in effect" when he was sentenced).

Moreover, even if Dorsey could somehow be "regarded as" eligible for First Step Act relief, the Court would not, in its discretion, reduce his sentence. Again, Dorsey faced a mandatory minimum of twenty years in prison based on the amount of powder cocaine

4

involved in his offense even aside from the fact that crack cocaine was also involved. And Dorsey qualified as a career offender based on his prior criminal history; on that basis, his guideline range would have been the same in any event. In sum, even if Dorsey could be considered eligible for a sentence reduction under the First Step Act, the Court, in its discretion, does not find reduction of his sentence warranted.

### III. Conclusion

Accordingly, Dorsey's *pro se* applications for relief under the First Step Act of 2018 (Docs. 636, 637, & 639) and his counseled Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. 657) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on October 31, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Alvin Dorsey

5